Filed 7/11/24  In re J.M. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re J.M., a Person Coming Under the Juvenile Court Law. | 2d Crim. No. B330977 (Super. Ct. No. 22JV-00371) (San Luis Obispo County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>J.M.,<br><br>    Defendant and Appellant. | |

J.M. appeals from the juvenile court's order adjudicating him a ward of the court pursuant to Welfare and Institutions

Code[1] section 602 after the court sustained an allegation that he committed misdemeanor battery (Pen. Code, § 242).

In December 2022, J.M. became angry with his parents after they threatened to take away his recreational reading materials and electronics due to his poor grades. His argument with his parents escalated. His father slapped J.M. in the face with an open hand, and J.M. punched his father in the face with a closed fist.[2]

The amended juvenile petition alleged two counts of misdemeanor battery (Pen. Code, § 242). Following a contested jurisdiction hearing, the juvenile court found count 2 true, but found count 1 not true. The court granted a section 778 petition so that the matter came under dual jurisdiction, as J.M. fit the criteria of both dependency and wardship pursuant to section 241.1. Child Welfare Services was declared the lead agency and the dependency court as the lead court.

At the disposition hearing, J.M. was declared a ward of the court under the supervision of probation. The court imposed several terms and conditions of his probation, including that he serve 78 days in custody at juvenile hall with 78 days of credit for time served.

We appointed counsel to represent J.M. in this appeal. After counsel's examination of the record, counsel filed an opening brief raising no issues. On May 14, 2024, we advised J.M. that he had 30 days within which to personally submit any

_____

[1] Further unspecified statutory references are to the Welfare and Institutions Code.

[2] The facts relate only to count 2.

contentions or issues that he wished to raise on appeal.  We have not received a response.

We have reviewed the entire record and are satisfied that counsel has fully complied with their responsibilities and that no arguable issue exists.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


YEGAN, Acting P. J.


CODY, J.


3

Gayle L. Peron, Judge

Superior Court County of San Luis Obispo

_____

Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.